UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES KOHORST,

                Petitioner,           **DECISION AND ORDER**
    -vs-                                   **No. 07-CV-6523(CJS)(VEB)**

SUPERINTENDENT, Orleans Correctional
Facility,

                Respondent.

---

### *Introduction*

    *Pro se* habeas petitioner Charles Kohorst ("Kohorst") has written to the Court requesting appointment of counsel and an extension of time in which to submit a reply brief to respondent's opposition papers. (Docket Nos. 11 & 12). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1).

### *Appointment of Counsel*

    Kohorst appears to argue that because *in forma pauperis* status has been granted to him, he is constitutionally entitled to *pro bono* counsel to represent him in this habeas proceeding. The Supreme Court has clearly held that prisoners have no constitutional right to counsel when bringing collateral attacks–such as a federal habeas petition–upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding by the court "if the interests of justice so require." Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United

States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994). In civil actions generally, "the court may request an attorney to represent any [indigent] person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d).

Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is within the judge's discretion. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in ruling on a motion for *pro bono* counsel are well settled, and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989); *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir.1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." *Id.*; *see also Hodge*, 802 F.2d at 60-61 The Second Circuit has noted repeatedly that the "[c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." *Cooper*, 877 D.2d at 174.

In the present case, Kohorst's application does not adequately describe the efforts he has made to obtain counsel on his own, nor does it demonstrate that his habeas petition contains claims sufficiently meritorious to warrant the appointment of counsel. Kohorst refers only to his

indigent status. That, standing alone, is insufficient to entitle him to appointed counsel in this collateral proceeding. *See*, *e.g.*, *Pennsylvania v. Finley,* 481 U.S. at 555; *Hodge v. Police Officers*, 802 F.2d at 60-61.

Because Kohorst has not, on the current record, satisfied all the elements relevant to a motion for *pro bono* counsel, his motion for *pro bono* counsel is denied without prejudice to renewal. Any renewed motion should be accompanied by a supplemental affidavit specifically addressing the factors set forth by the Second Circuit in, e.g., *Hodge*, 802 F.2d at 60-61, that are relevant to determining whether appointing counsel would be an appropriate exercise of discretion.

### *Extension of Time to File Reply Brief*

Kohorst also seeks an extension to submit reply papers with regard to respondent's answer and opposition memorandum of law. Respondent has not opposed this request. The Court sees no reason why an extension of time should not granted in the present case.

### *Conclusion*

For the foregoing reasons, Kohorst's pending motions (Docket Nos. 11 &12) are granted and part and denied in part. The motions are denied without prejudice to the extent that Kohorst has applied for *pro bono* counsel. The motions are granted to the extent that Kohorst has requested an extension of time to file his reply brief. Kohorst shall submit his reply brief within thirty (30) days of the date of his receipt of this Order

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   November 24, 2008
         Rochester, New York.