UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES KOHORST,

      Petitioner,   **REPORT AND RECOMMENDATION**
 -vs-            **No. 07-CV-6523(CJS)(VEB)**

SUPERINTENDENT, Orleans Correctional Facility,

      Respondent.

---

**I. Background**

*Pro se* petitioner Charles Kohorst filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his detention in state custody pursuant to a judgment of conviction entered October 24, 2005, in New York State County Court, Genesee County. By that judgment, petitioner was convicted, following a jury trial, of second degree assault. He was sentenced, as a second violent felony offender, to a determinate term of five years imprisonment, followed by five years post-release supervision. The matter was referred to me pursuant to 28 U.S.C. § 636(b).

An Order (Dkt. #17) granting petitioner's motion for an extension of time to file a reply memorandum of law was returned to the Court as undeliverable on October 14, 2009. Rule 5.2(d) requires that a party, such as Kohorst, who is proceeding *pro se*, "must furnish the Court with a current address at which papers may be served. . . . In addition, the Court must have a current address [of the *pro se* litigant] at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the

-1-

case with prejudice." Western District of New York Local Rule of Civil Procedure 5.2(d). As it appeared that petitioner had failed to provide the Court with an address where papers could be served upon him, contrary to Local Rule 5.2(d), this Court subsequently issued an Order (Dkt. #18) on January 20, 2010, directing petitioner to provide the Clerk of the District Court with a current address "within 30 days of the date of this Order, that is, by Friday, February 19, 2010." (Dkt. #18). The Order stated that "[p]etitioner's failure to provide an updated address within the required time will result in this Court issuing a Report and Recommendation to District Judge Charles J. Siragusa recommending that the case be dismissed with prejudice." (Dkt. #18).

On January 29, 2010, the Order (Dkt. #18) was received at the District Court, marked "returned as undeliverable". (Dkt. #19).

For the reasons that follow, I recommend that Kohorst's habeas petition be dismissed for failure to comply with the Court's orders and for failure to prosecute.

## II. Discussion

Federal courts are vested with the authority of to dismiss a plaintiff's action with prejudice because of his failure to prosecute; this power, which is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" has a long history at common law and "has been expressly recognized in Federal Rule of Civil Procedure 41(b)[.]" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Rule 41(b) provides, in pertinent part as follows:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of

jurisdiction or for improper venue, operates as an adjudication upon the merits. Fed. R. Civ. Proc. 41(b); *accord Link*, 372 U.S. at 620. The Supreme Court explained in *Link* that [t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 372 at 630-31.

As a matter of this District's Local Rules, both attorneys and *pro se* litigants have an obligation to immediately notify the Court and opposing parties of any change in their address or contact information. Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant. . . . . In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. *Failure to do so may result in dismissal of the case with prejudice.*" Local Rule of Civil Procedure 5.2(d) (emphasis supplied).

Based on the return of the two Orders as undeliverable, it appears that Kohorst has failed keep the Court informed as to his current address at which papers may be served and has failed to comply with Local Rule 5.2(d) and the order directing him to provide an updated address. Although Kohorst is a *pro se* petitioner and should be afforded greater leeway in regard to his compliance with the Court's procedural rules, *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), his failure to comply with rule regarding updating his address "is no small matter." *Jackson v. Rabideau*, No. 9:04-CV-1096(LEK/GHL), 2007 WL 911846, at *2 (N.D.N.Y. Mar. 22, 2007) (citing *Dansby v. Albany County Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, D.J.) ("It is neither feasible nor

legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications that communications between the clerk and the parties . . . will be conducted principally by mail.") (citations and quotation omitted in original)); *see also Michaud v. Williams*, No. 98CV1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999).

The Second Circuit has instructed a district court contemplating dismissing a plaintiff's case under Rule 41(b), for failure to prosecute to consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d at 209.

This Court has evaluated the factors as set forth by the Second Circuit in *LeSane* and finds that dismissal is warranted. Kohorst has known for years that, pursuant to Local Rule 5.2(d), he *must* promptly update his address whenever it changed, or risk having the action dismissed by this Court. As a *pro se* litigant, Kohorst received a packet of information from the District Court Clerk advising him about the requirements of all of the Local Rules, including Local Rule 5.2(d). The Court notes that Kohorst's inaction and failure to update his address has spanned almost a year–according to New York State Department of Correctional Services Inmate Locator website, Kohorst was released to parole from Orleans Correctional Facility on May 8,

2009. It appears that Kohorst, upon being released, never contacted the Court to provide an updated address since the only address on file with the Court is Orleans Correctional Facility. Beyond apparently not being interested in pursuing the lawsuit he instituted, Kohorst has failed to comply with this Court's Order and Local Rule 5.2(d), thereby frustrating the Court's ability to correspond with him. Under the circumstances here, the Court finds it would be futile to make any further attempts to contact Kohorst and that dismissal of his petition for non-compliance with the Court's orders and Local Rules of Civil Procedure is appropriate. *See Jackson*, 2007 WL 911846, at*2 (dismissing habeas petition *sua sponte* based on petitioner's failure to update address according to district's local rule of civil procedure and previous court order) (citing *Bottom v. Cooper*, No. 03-CV-6493L, 2005 WL 2496052 (W.D.N.Y. Oct. 7, 2005)).

### III. Conclusion

Given the law and the facts of this case as discussed above, the Court believes that dismissal is an appropriate sanction for Kohorst's failure to update his address as required by Local Rule 5.2(d) and as directed by a previous Court order. Accordingly, the Court recommends that Kohorst's petition (Dkt. #1) be **DISMISSED** with prejudice. The Court further recommends that no certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2).

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED: February 22, 2010
Rochester, New York.

# ORDER

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to

petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: February 22, 2010
Rochester, New York